**QIANG PING CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–1504–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Eric M. Straus, Assistant United States Attorney, Detroit, Michigan, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable CHESTER J. STRAUB, and Honorable SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Qiang Ping Chen, through counsel, petitions for review of the March 10, 2004 BIA decision affirming the decision of the immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and the procedural history.

Where, as here, the BIA has summarily adopted or affirmed the IJ's decision without opinion, this Court reviews the IJ's decision. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). While we review the IJ's rulings of law *de novo. Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004), we review the factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary, *see* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Attorney General*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

We grant particular deference to the IJ's credibility determinations. *See, e.g., Yu Sheng Zhang v. United States Dep't of Justice*, 362 F.3d 155, 157 (2d Cir.2004). Nonetheless, "the fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d at 178. An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted)). Although minor and isolated inconsistencies "need not be fatal to credibility," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000), a reasonable adjudicator would not be compelled to find otherwise where an adverse credibility determination is based on inconsistent statements about material matters, *see id.* at 287–88.

Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang*, 386 F.3d at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country, 8 U.S.C. § 1231(b)(3)(A).

In the present matter, the IJ found Chen ineligible for asylum and withholding of removal on the ground, among others, that his claimed fear of persecution was not credible. At his credible fear interview, Chen stated that the abortion of his girlfriend Lin took place in September 2000; before the IJ, however, he testified that that abortion took place in October 1999. The IJ further found Chen's testimony as to where and how Chen had learned of the abortion to be confusing and internally inconsistent. Chen also made inconsistent statements about his confrontation with police and family planning officials, and attempted to correct his testimony through backtracking. At his airport interview, he stated that the police had hit him; during his credible fear interview, he denied making that statement and stated that he argued with the officials and overturned a desk; in his direct examination at his hearing before the IJ, he did not remember the detail about the desk until the IJ pressed him; and later, Chen denied that he had omitted mention of the desk in his direct examination.

The IJ also found that Chen's testimony that he feared the family planning officials was implausible in light of his testimony that he had chosen to hide from them at his grandmother's house, the very place at

**54**

which the officials, having learned that Lin was pregnant, had recently found Lin hiding. The IJ also noted that Chen testified that the officials never inquired of Chen's grandmother as to his whereabouts.

The IJ further found that documents proffered by Chen in support of his claim were suspicious for several reasons. The purported arrest warrant had no issuance date, did not mention a disturbance in the family planning office, and contained a photograph that was nearly identical to that in Chen's notarial birth certificate. The IJ also noted that the order of arrest contained "unbusinesslike" wording, suggesting a prize for Chen's arrest. The IJ gave Chen an opportunity to explain these factors; however, as Chen's explanations were inconsistent with the record, the IJ declined to credit them.

In sum, the IJ cited numerous specific, pertinent reasons to doubt Chen's testimony as to critical parts of his story. Given that the IJ was also uniquely situated to observe Chen's demeanor, and hence to draw inferences as to the provenance of inconsistencies, we conclude that there was substantial evidence in the record to support the IJ's conclusion that Chen's testimony was not credible. Accordingly, we need not reach the alternative grounds cited by the IJ for denying Chen's applications for relief.

As the adverse credibility determination was supported by substantial evidence, we conclude that the IJ properly denied both asylum and withholding of removal. Although Chen also claimed before the IJ and the BIA that he was entitled to relief under CAT, the denial of relief under CAT is not at issue here, as Chen failed to raise that claim in his petition for review and hence has waived it, *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005).

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.